UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                         Chapter 13

Darin E. Russ and Ellen L. Russ,                               Case No. 10-78547

       Debtors.                                            Hon. Phillip J. Shefferly
_____/

**OPINION GRANTING UNITED STATES
TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION**

This opinion addresses a motion for a Federal Rule of Bankruptcy Procedure 2004 examination filed by the United States Trustee ("UST"). The UST seeks an order authorizing it to conduct an examination of BAC Home Loans Servicing L.P. ("BAC"). The UST's motion was heard by the Court on June 28, 2011, pursuant to an agreement between the UST and BAC so that it could be heard at the same time as an identical motion filed by the UST against BAC (or an entity related to BAC and represented by the same attorney as BAC) and scheduled for hearing at that time in In re Christopher Davis, case no. 08-61252. Although the facts that gave rise to the UST's motion in the two cases are somewhat different, the issues raised, both by the UST's motions and by BAC's responses to the motions, are identical in both cases. Further, counsel for the UST and counsel for BAC agreed at the hearing to have one record made with respect to the UST's motions in both cases. At the conclusion of the hearing, the Court took both motions under advisement.

On July 27, 2011, the Court issued an Opinion Granting United States Trustee's Motion for Rule 2004 Examination in In re Davis (docket entry no. 111 in case no. 08-61252). That opinion addressed all of the legal issues raised by the UST in its motions filed in both cases, and addressed

all of the legal issues raised by BAC in its responses to the UST's motion in both cases. The Court hereby adopts and incorporates the Opinion Granting United States Trustee's Motion for Rule 2004 Examination in In re Davis, and applies it to the UST's motion for Rule 2004 examination and BAC's response to that motion, in this case.

Although the legal issues raised by the UST's motion for Rule 2004 examination and BAC's response to it in In re Davis are identical to the legal issues raised by the UST and BAC in this case, the facts alleged in the UST's motions are somewhat different in the two cases. The facts alleged in the UST's motion in the In re Davis case relate largely to actions taken by BAC after confirmation of the debtor's Chapter 13 plan in that case. In contrast, the facts alleged in the UST's motion for Rule 2004 examination in this case relate to inspection fees listed in the proof of claim filed by BAC in this case, and the payments made by the Debtors to BAC in a prior Chapter 13 case filed by the Debtors. Specifically, the Debtors filed a prior Chapter 13 case, no. 06-40360, on January 11, 2006, that was dismissed on October 12, 2010. BAC's proof of claim in that case included inspection fees with respect to the mortgage on the Debtors' residence in the amount of $25.00. The UST alleges in its motion for Rule 2004 examination in this case that the Debtors paid over $100,000.00 to the Chapter 13 trustee in their prior case, and that BAC received $88,186.82 on its ongoing mortgage claim, and $4,668.48 on its arrearage mortgage claim in that case. According to the UST, when the Debtors' first Chapter 13 case was dismissed, the Debtors were delinquent to BAC on less than two ongoing mortgage payments. The UST alleges that BAC's proof of claim filed in this, the Debtors' *second* Chapter 13 case, lists inspection fees in the amount of $432.00. The UST notes that there was only a two-month lapse between the dismissal of the Debtors' first Chapter 13 case and the

-2-

filing of their second Chapter 13 case. The UST alleges that it appears from BAC's proof of claim filed in this case that BAC was assessing inspection fees to the Debtors' account while it was also receiving regular payments under the Chapter 13 plan in the Debtors' first case, and that BAC is now attempting to collect those inspection fees during this Chapter 13 case. Not directly stated by the UST but implied is that the inspection fees may have been improper charges in light of the Debtors' substantial performance under the terms of their confirmed Chapter 13 plan. In sum, the UST alleges that BAC's proof of claim filed in this Chapter 13 case indicates that BAC is charging unreasonable and unnecessary inspection fees to the Debtors. The UST alleges that these facts provide good cause for the Court to authorize a Rule 2004 examination of BAC in this case with respect to BAC's documents, policies and procedures relating to the charges made by BAC on the Debtors' account.

Like In re Davis, the UST did not randomly choose this case to request a Rule 2004 examination of BAC. Instead, the UST filed its motion in this case based upon the fact that BAC filed a proof of claim in this case that lists inspection fees that appear to be both unreasonable and unnecessary in light of the proof of claim filed by BAC in the Debtors' first case and the performance of the Debtors in their first case with respect to payments to BAC. The Court is persuaded that the facts alleged by the UST in its motion for Rule 2004 examination in this case combine to provide sufficient good cause for the UST to request a Rule 2004 examination of BAC in this case.

In sum, the Court adopts and incorporates the Opinion Granting United States Trustee's Motion for Rule 2004 Examination that it issued on July 27, 2011 in In re Davis, and, based upon the analysis in that opinion as it applies to this case, grants the UST's motion for Rule 2004 examination in this case. The UST is directed to submit to the Court for entry a proposed order granting the UST's

-3-

10-78547-pjs    Doc 41    Filed 07/28/11    Entered 07/28/11 10:39:42    Page 3 of 4

motion. The proposed order shall be in the form attached to the UST's motion, except that the location of the Rule 2004 examination set forth in the proposed order shall be changed to conform to the Court's ruling regarding the location of the 2004 examination made in the opinion in <u>In re Davis</u>.

.

**Signed on July 28, 2011**

                                                    **/s/ Phillip J. Shefferly**
                                                    **Phillip J. Shefferly**
                                                  **United States Bankruptcy Judge**